IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARL K. THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DANA IVY, Mailroom Officer at WCC,<br><br>　　　　　Defendant. | Case No. 3:21-cv-00069<br><br>**ORDER DISMISSING CASE**<br>**(Docket 10)** |

## I.　BACKGROUND

Plaintiff, Carl Thompson, filed a *pro se* § 1983 Complaint with this Court against the Commissioner of the Alaska Department of Corrections ("DOC") and the mailroom officer at Wildwood Correctional Complex ("WCC"), where Plaintiff is incarcerated.[1] According to the First Amended Complaint, Defendant Ivy returned three pieces of mail sent to Plaintiff because one envelope was "non-white" and two envelopes had "address labels affixed" to them.[2] The Complaint alleges violations of the First Amendment and due process. Plaintiff seeks damages of six dollars ($6.00), a declaration that Plaintiff has a guaranteed right to receive

---

[1] Docket 5.
[2] *Id.*

mail, and an order requiring Defendants to "cease enforcement of DOC Policy 810.03 II C 1 & 5."[3] The First Amendment claim was previously dismissed, and the Commissioner was dismissed as a defendant, leaving only the mailroom officer as a defendant.[4]

This Court offered to facilitate a settlement between the parties on the due process issues, which Defendants declined.[5] Instead, the sole remaining defendant wishes to proceed with the Motion to Dismiss, construed by this Court as a Motion for Summary Judgment.[6] Plaintiff has opposed Plaintiff's Summary Judgment motion, which the Court construes as a Cross-Motion for Summary Judgment.[7] Both parties have filed additional responses.[8]

## II. DOC POLICIES AND PROCEDURES

The DOC Policies and Procedures ("P&P") regarding Prisoner Mail, Publications and Packages are found at DOC P&P 810.03.[9] Under "General Information," subsection II.C prohibits "non-white" envelopes and those with adhesives, at paragraphs 1 and 5 (hereinafter "**Unopened Policy**"). Such items are

---

[3] Docket 5 at 8.
[4] Docket 7.
[5] Dockets 9 & 12.
[6] Dockets 10, 11, & 15.
[7] Docket 16.
[8] Dockets 17 & 18.
[9] *See* Docket 18-1.

*Thompson v. Ivy*                                                             Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment                          Page 2
Case 3:21-cv-00069-RRB  Document 20  Filed 12/15/21  Page 2 of 12

not delivered to the prisoner and, according to the Policy, are to be returned to the sender, unopened.

> Envelopes which cannot be effectively searched may provide a means of introducing controlled substances (for example Suboxone or Fentanyl) into an institution, posing a threat to the safety of individuals. Unless received directly from an approved vendor or publisher, or marked as "Privileged" mail the following envelopes [including non-white envelopes and those with adhesives] will not be accepted by mail staff and **shall be returned, unopened, to the sender**.[10]

Under "Disposition of Prohibited Material," subsection VI.C addresses "Non-Delivery of Mail," but only addresses *opened* incoming mail (hereinafter the "**Opened Mail Policy**"):

> **If mail staff opens mail** and decides that it is prohibited, staff shall give notice to the affected persons as described below . . . (1) Non-Delivery of Incoming Mail: Mail staff shall send the prisoner written notice within two (2) working days after receiving the prohibited mail, that states the specific reason(s) why the mail was not delivered to the prisoner. **The Prisoner Mail Action Form** (Attachment A) may be used to notify the prisoner of the prohibited mail. **The Superintendent or designee must sign the notice.**[11]

**Section X** states that a "prisoner may file a grievance regarding any action that the Department takes concerning this policy."[12] The PRISONER MAIL

---

[10] Alaska Department of Corrections Mail Policy, DOC Form 810.03A [Rev. 02/02/17]. https://doc.alaska.gov/pnp/pdf/810.03.pdf (emphasis added).
[11] *Id.* (emphasis added).
[12] *Id.*

*Thompson v. Ivy*     Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment     Page 3
Case 3:21-cv-00069-RRB   Document 20   Filed 12/15/21   Page 3 of 12

ACTION FORM (hereinafter "the form") is used to inform prisoners of actions taken with respect to both opened and unopened mail.

## III. DISCUSSION

### A. First Amendment Argument

This Court previously dismissed Plaintiff's First Amendment claim,[13] but as it informs the due process argument, a brief explanation is provided herein. The issue of returning a prisoner's incoming mail to sender was addressed by the District of Oregon on very similar facts, and affirmed by the Ninth Circuit in an unpublished opinion.[14] The court found that "prohibiting stickers and adhesives on incoming mail does not deprive prisoners of their right to send and receive mail; rather, inmates can still receive mail that is free from contraband adhesives, and senders have the opportunity to resend their letters after correcting the identified violations."[15]

The alternative suggested by Plaintiff is reasonable and seems no more cumbersome than the current system.[16] But, for the reasons discussed in *Jeffries* and

---

[13] Docket 7.
[14] *See Jeffries v. Snake River Corr. - Oregon*, No. CIV. 05-1851-JO, 2008 WL 3200802, at *4 (D. Or. Aug. 4, 2008), aff'd, 362 F. App'x 587 (9th Cir. 2010).
[15] *Id*. at *4.
[16] The current system at WCC involves returning unopened mail after photocopying the envelope and completing and distributing a Prisoner Mail Action Form. Plaintiff suggests that WCC should employ the system used at other facilities in the state, where the outer envelope is photocopied and delivered to the prisoner with the screened contents of the envelope. Defendants argue that that system is too cumbersome.

*Thompson v. Ivy*   Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment   Page 4
Case 3:21-cv-00069-RRB   Document 20   Filed 12/15/21   Page 4 of 12

this Court's prior order, Plaintiff's First Amendment claim previously was dismissed.[17]

**B.     Due Process Arguments**

While the *rejection* of Plaintiff's mail is a First Amendment issue, a *lack of notice* of such rejection involves due process.[18] Due process guarantees apply "when a constitutionally protected liberty or property interest is at stake."[19] Defendant asserts that "it is questionable whether an inmate has a right to receive notice when mail is returned, unopened, for facial deficiencies."[20]

Defendant is wrong.  It is well-established that prisoners have "a Fourteenth Amendment due process liberty interest in receiving notice that [their] incoming mail is being withheld by prison authorities."[21]  Additionally, deprivation caused by "conduct pursuant to established state procedure" states a § 1983 claim, and "post-deprivation remedies [will] not satisfy due process."[22]  The Ninth Circuit has specifically held that "if the failure to provide notice **was pursuant to prison policy . . .** this constitute[s] a due process violation actionable under § 1983."[23]

---

[17] Docket 7.
[18] *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002).
[19] *Prison Legal News v. Cook*, 238 F.3d 1145, 1152 (9th Cir. 2001), citing *Board of Regents v. Roth,* 408 U.S. 564, 569 (1972).
[20] Docket 17 at 4.
[21] *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999).
[22] *Sorrels,* 290 F.3d at 972, citing *Hudson v. Palmer,* 468 U.S. 517, 532 (1984).
[23] *Sorrels*, 290 F.3d at 972 (emphasis added).

*Thompson v. Ivy*                                                                                  Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment                                                          Page 5
Case 3:21-cv-00069-RRB   Document 20   Filed 12/15/21   Page 5 of 12

In this case, however, Plaintiff was provided notice. And Defendant argues that the DOC Policies and Procedures "do not create a state liberty interest that required Ms. Ivy to obtain the Superintendent's signature or to provide Mr. Thompson the opportunity to file a grievance prior to returning unopened mail that is rejected for facial deficiencies."[24] **The issue before this Court, therefore, is whether the notice was adequate to satisfy the "minimum procedural safeguards" required by due process.**[25] Plaintiff alleges the notice was inadequate, and therefore violated due process, for two reasons: (1) it was not signed by the Superintendent,[26] and (2) he was not permitted to consider how he wanted to dispose of the mail.[27]

1.  **Failure to obtain Superintendent signature**

The mail clerk signed each of the forms as the "Mail Officer," but left the "Superintendent/Designee" line blank.[28] Defendant asserts that **unopened** mail does not require a superintendent signature, pursuant to the Unopened Policy, and that only the Opened Mail Policy requires a superintendent's signature on the form.[29] But the Court notes that, although the Policy does not clearly require the

---

[24] Docket 17 at 1-2.
[25] *Sorrels*, 290 F.3d at 972 ("It is undisputed that "withhold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards.")
[26] Docket 5 at 5; Docket 5-5.
[27] Docket 5 at 4.
[28] *See* Dockets 11-2, 11-3, & 11-4.
[29] Docket 11 at 6.

*Thompson v. Ivy*  Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment  Page 6
Case 3:21-cv-00069-RRB   Document 20   Filed 12/15/21   Page 6 of 12

Superintendent's signature before returning unopened mail, neither does it specifically state that it is *not* required, as Defendant suggests. The Policy is silent regarding the Superintendent's signature with respect to returning unopened mail.

Defendant states that despite the understanding that notice is not required, the facility routinely provides prisoners with notice that their unopened mail was returned to sender.[30] Plaintiff does not dispute receipt of three such notices, but he cries foul at the distinction between opened and unopened mail. He argues that minimum due process afforded to opened mail should also apply to unopened mail that the mail officer finds unacceptable, as review by the superintendent would "operate as a check on the Mail Officer's authority to determine what is 'non-acceptable' or 'prohibited' mail, or whether the prisoner can satisfactorily explain why his mail should not be deemed prohibited."[31]

### 2. Disposition of rejected mail

Plaintiff also argues that the forms provided to him after his mail had been returned to the senders indicated that he had three working days to notify the mail officer of what he wanted done with the three envelopes, which options included: "Mail the item, at the prisoner's expense to a family member/friend," "Return the item, at the prisoner's expense to the sender," or "Dispose of the item,

---

[30] Docket 17 at 4. Implicit in Defendant's argument is that there could be no due process violation for failure to obtain the Superintendent's signature, because submission of the form to Plaintiff was a courtesy, rather than a requirement.

[31] Docket 5 at 5.

*Thompson v. Ivy*                                                            Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment                        Page 7
Case 3:21-cv-00069-RRB    Document 20    Filed 12/15/21    Page 7 of 12

at no cost to the prisoner."[32] Plaintiff was afforded none of these options, as the three letters immediately were returned to sender, which Plaintiff alleges was a denial of due process. Defendant maintains that these options are not available with respect to unopened mail.

## IV. ANALYSIS

Although courts must give "substantial deference to the professional judgment of prison administrators,"[33] prison administrators cannot implement policies or forms that eliminate due process rights. "When a prison regulation or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights."[34] Accordingly, when considering whether the minimum standards of due process are met, this Court is not bound by the DOC Policies and Procedures. Prisoners' due process liberty interest in receiving notice that mail is being withheld[35] is meaningless if that notice is not adequate and fairly rendered.

The DOC PRISONER MAIL ACTION FORM[36] is the form used by the DOC to inform an inmate when *opened* or *unopened* mail has been returned, conflating

---

[32] Docket 5 at 4, citing Page 1-3. *See also* Dockets 5-5, 11-2, 11-3, & 11-4.
[33] *Beard v. Banks*, 548 U.S. 521, 528 (2006) (citing *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)).
[34] *Procunier v. Martinez*, 416 U.S. 396, 405–06 (1974), overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989).
[35] *Frost*, 197 F.3d at 353; *see also Sorrels,* 290 F.3d at 972 ("It is undisputed that "withhold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards.")
[36] DOC Form 810.03A [Rev. 02/02/17].

*Thompson v. Ivy*     Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment     Page 8
Case 3:21-cv-00069-RRB   Document 20   Filed 12/15/21   Page 8 of 12

the Unopened and Opened Policies. The form contains three sections, including "Incoming Mail," "Outgoing Mail," and "Prohibited Mail/Publication Disposition Options," with each of these containing additional subsections. Much of the form is irrelevant to Plaintiff's situation.[37]

When the form is broken down into the parts that are relevant to this case, the form reads as follows.[38] On the first page:

> [T]he above mail was **not delivered to you** as it is **prohibited** [P&P 810.03, V.] for the below reason(s).[39] **Note**: If one (1) item in an envelope/package is **prohibited**, the entire **envelope** or **package** will be considered **prohibited** and **non-acceptable**. No items may be removed to make an envelope or package acceptable. Prisoners must disburse the entire envelope or package (See Disposition options below.)[40]

At the end of the second page, the form reads:

> For any envelopes, packages or publications that were prohibited or non-acceptable, **please choose one of the disbursement/disposition options below** within **three (3) working days**.

The disposition options previously noted follow.

The form gives a prisoner the same disposition options regarding opened and unopened mail. It is entirely reasonable that Plaintiff interpreted the

---

[37] The section regarding "outgoing mail" is not relevant, nor are five of the six options for "incoming mail" or the numerous paragraphs dedicated to "obscenity." The location of the signature lines near the top of the second page, rather than at the end of the form, further confuses a reader.
[38] A copy of the form is attached to this Order.
[39] In the space below this checkbox, Ivy identified the issues with the three envelopes.
[40] Emphasis original to form.

*Thompson v. Ivy*                                                  Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment                           Page 9
Case 3:21-cv-00069-RRB    Document 20    Filed 12/15/21    Page 9 of 12

form to allow him three working days to choose his "disposition option" because that is *literally what the form says*.[41] Moreover, the public website for WCC states that:

> All incoming and outgoing mail will be scanned and inspected for prohibited content and contraband per DOC Policy 810.03, Prisoner Mail, Publications and Packages. **Prisoners receive written notice if their mail is not delivered or mailed out** because of prohibited content or if it contains contraband or unauthorized items.
>
> . . . .
>
> The prisoner will be given notice to disburse the items within 30 days or they will be disposed of.[42] . . .

The WCC website, as well as the form, endeavor to provide for minimum due process without distinguishing between opened and unopened mail.[43] To the extent the DOC policy can be interpreted to suggest that unopened mail can be returned immediately, before informing the inmate and without any supervisory review, the Policy does not comply with due process under *Sorrels,* as "withhold[ing] delivery of [inmate mail] must be accompanied by minimum

---

[41] The Court observes that this multi-step process for dealing with non-white envelopes or those with adhesives may be the reason other facilities opt to just photocopy and discard the envelopes, and forward it with the screened contents to the prisoner, thus rendering all objectional mail "opened mail." However, such procedure is contrary to the express language on the form, which states: "If one (1) item in an envelope/package is **prohibited**, the entire **envelope** or **package** will be considered **prohibited** and **non-acceptable**. No items may be removed to make an envelope or package acceptable." But this language is not found in the P&P.

[42] https://doc.alaska.gov/institutions/wildwood-mail (emphasis added) (last visited December 4, 2021).

[43] The form itself is confusing, but provides minimum procedural safeguards if used correctly.

*Thompson v. Ivy* Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment Page 10
Case 3:21-cv-00069-RRB   Document 20   Filed 12/15/21   Page 10 of 12

procedural safeguards."[44] Finally, the facility's failure to properly execute the DOC form, or to follow the guidelines posted on its own website, is a clear violation of due process.

## V. CONCLUSION

To state a claim under 42 U.S.C. § 1983, Plaintiff must assert that persons, acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or federal law.[45] Plaintiff's Amended Complaint does so.

Summary judgment is proper where there is no genuine issue of material fact *and* the moving party is entitled to judgment as a matter of law.[46] For the reasons discussed in this Order, Defendant is not entitled to judgment as a matter of law. Accordingly, Defendant's **Motion for Summary Judgment at Docket 10 is DENIED.**

Furthermore, the Court does find merit to Plaintiff's claims, in part, and advises the DOC to clarify its mailroom policies consistent with established case law. To the extent that the DOC Policy is internally inconsistent, conflicts with the form, or conflicts with actual practice in various facilities, DOC would be well-

---

[44] 290 F.3d at 972.
[45] *American Mfr. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999); *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 522 U.S. 996 (1997).
[46] Fed. R. Civ. P. 56(a).

*Thompson v. Ivy* Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment Page 11
Case 3:21-cv-00069-RRB   Document 20   Filed 12/15/21   Page 11 of 12

advised to reconcile these discrepancies to avoid further due process pitfalls and lawsuits.

**It is hereby ORDERED as follows:**

1. Inasmuch as Defendant was executing her duties without malice and pursuant to facility policy, and inasmuch as Plaintiff's damage request of $6.00 is nominal, the Court will not enter judgment against Ivy;

2. In the interest of justice, the Court orders that the $420 filing fee paid on behalf of Plaintiff be refunded by the Clerk of Court, once Plaintiff files a Notice in this case providing the appropriate name address for the refund;[47]

3. If it becomes necessary within the next year for Plaintiff to address this matter further, the Court will waive any filing fee; and

4. This matter is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 14th day of December, 2021, at Anchorage, Alaska.

                                                */s/ Ralph R. Beistline*
                                                RALPH R. BEISTLINE
                                                Senior United States District Judge

---

[47] The Court notes that the filing fee was paid by "Terry Cline."

*Thompson v. Ivy*                                                                                        Case No. 3:21-cv-00069
Order Denying Motion for Summary Judgment                                      Page 12
Case 3:21-cv-00069-RRB   Document 20   Filed 12/15/21   Page 12 of 12